Nott, J.
delivered the opinion of the Court.
The act of 1786, P.L. 408, provides that any woman who is entitled to dower, or thirds, in lands to which her deceased husband was seised in fee. *131 at any time during their marriage, may apply by petition, &c.
«¡Sed® good conaideratio«-
The act then goes on, in substance, to direct that a summons shall issue, commanding the heir or other person in possession, to appear at the next Court, to show cause why a writ of dower should not issué, according to the prayer of the petition. And if the person so summoned shall appear, and not show sufficient cause, then the writ shall issue, &c. The act does not prescribe the method by which the question shall be tried, where the defendant shall offer to plead any matter of fact in bar; but that question has been well settled by the practice of our Courts. The petitioner is required to file her declaration; to which the defendant pleads the matter in bar, and an issue is then made .up and submitted to a jury.
The grounds on which the presiding Judge refused the motion to have an issue, directed to try the question in this case, do not appear, as we. have no report from him. But the grounds of argument taken here, are, that the deed exhibited to the Court appears, on the face of it, to be a mere nullity, of which it was the province of the Court to judge, and therefore there was nothing, to submit to a jury. It is contended that it is void, for want of consideration. But every deed, from the solemnity of the seal, is presumed to be for a good consideration; _ , ¶ and* ii the contrary can be averred, it at once *132 P^sents a fact for the consideration of a jury; and a deed is not void, merely because it is voluntary.
oeSiiriiy notv0nw, for not being recorded.
Crafts, for the motion,
Hayne, contra.
2. It is contended that it is void, because it is not recorded. But a deed is not necessarily . - . void because it is not recorded. Our act makes it void only against creditors and subsequent purchasers : and it is at least doubtful whether a purchaser, with notice, would come within its provisions. But all facts dehors the deed must be determined by a jury, and’not the Court.
3. It is further contended that no evidence was offered of the execution of the deed. But that fact could not have been tried by the Court. The evidence, if offered, could not have been received. It was one of the facts for the trial, of which it became necessary that a jury should have been empannelled. The decision below must therefore be reversed; and let an issue be made up to try the question of seizin.
The other Judges concurred, except Mr. Justice Colcock, who was absent in the District Court when this case was argued, and gave no opinion.